FILED
2011 Aug-03  AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMIKIA LASHON BENJAMIN, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| vs. | ) | Case No. 2:10-cv-3206-CLS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER OF REMAND

Claimant Tomikia Lashon Benjamin commenced this action on November 22, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the Commissioner erred in failing to remand the case for consideration of additional evidence, and that the ALJ's residual functional capacity assessment was not properly supported due to the lack of opinion evidence from a treating or examining source. Upon review of the record, the court concludes that claimant's first contention has merit.

Although claimant's brief does not contain a separate section to address this argument, claimant does point out that she submitted evidence of her mental health impairments to the Appeals Council that was not available at the time of the ALJ's decision.[1] Specifically, claimant submitted a "Mental Impairment Questionnaire" completed by Dr. Jesseka Fife at Capitol Care South on May 11, 2010. Dr. Fife stated that was claimant's second visit to her office, with the first visit occurring on February 23, 2010. Dr. Fife stated that claimant suffered from major depression with psychotic features, and that her medication was not completely effective in treating her symptoms. Upon examination, Dr. Fife found that claimant's affect was flat and

---

[1] *See* doc. no. 8 (claimant's brief), at 5-6; Tr. 4 (Order of Appeals Council adopting additional evidence).

sad, and that she experienced mild psychomotor retardation.  Claimant's prognosis

was "fair," and she had a GAF score of 55, indicating moderate symptoms.

Claimant's symptoms included loss of interest in activities; decreased energy;

thoughts of suicide; blunt, flat or inappropriate affect; mood disturbances; difficulty

thinking or concentrating; psychomotor retardation; persistent disturbance of mood

or affect; paranoid thinking or inappropriate suspiciousness; emotional withdrawal

or isolation; sleep disturbance; and persistent irrational fear of a specific object,

activity, or situation which results in a compelling desire to avoid that object, activity

or situation.  Dr. Fife indicated that claimant would be "seriously limited" in her

ability to:  work in coordination with or proximity to others without being unduly

distracted; make simple work-related decisions; ask simple questions or request

assistance; accept instructions and respond appropriately to criticism from

supervisors; get along with co-workers or peers without unduly distracting them or

exhibiting behavioral extremes; and be aware of normal hazards and take appropriate

precautions.  She would be "unable to meet competitive standards" in her ability to:

maintain attention for a two-hour segment; maintain regular attendance and be

punctual within customary, usually strict, tolerances; sustain an ordinary routine

without special supervision; respond appropriately to changes in a routine work

setting; and deal with normal work stress.  Finally, claimant would have "no useful

ability to function" in the domains of completing a normal workday and workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods. Dr. Fife also indicated that, due to claimant's depression and resulting decreased concentration, blunted cognition, poor sleep patterns, and poor motivation, claimant would be "seriously limited" in her ability to understand, remember, and carry out detailed instructions. She would be "unable to meet competitive standards" in her ability to set realistic goals or make plans independently of other, and her ability to deal with the stress of semiskilled and skilled work. On the other hand, claimant would suffer little or no limitation in her ability to interact appropriately with the general public, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, travel in unfamiliar places, and use public transportation. Finally, Dr. Fife indicated that claimant's impairments would cause her to be absent from work more than four days per month, and that they would be expected to last at least twelve months.[2]

The Commissioner argues in a footnote that, "[b]ecause Plaintiff only challenges the ALJ's decision, the district court does not consider evidence submitted to the Appeals Council in determining whether the ALJ's decision is supported by

---

[2]Tr. 286-90.

substantial evidence."[3]   The court can discern no legitimate basis for the Commissioner's argument. In fact, the cases cited by the Commissioner are directly to the contrary.

> When a claimant submits new evidence to the [Appeals Council], the district court must consider the entire record, *including the evidence submitted to the AC*, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the AC*, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 Fed. Appx. 789, 802 (11th Cir. 2008) (emphasis supplied).

Here, Dr. Fike's report relates back to the time period on or before the date of the ALJ's decision. In fact, even though Dr. Fike's report was not made a part of the record until the case was in front of the Appeals Council, the report was dated sixteen days *before* the ALJ's decision.[4] Moreover, Dr. Fike reported serious limitations that should have been considered in determining claimant's residual functional capacity. Accordingly, remand is warranted for further consideration of Dr. Fike's assessment and for any further development of the record regarding claimant's mental limitations that the Commissioner deems necessary.

The decision of the Commissioner is REVERSED, and this action is

---

[3]Claimant's brief, at 6 n.1.

[4]*See* Tr. 22 (indicating that the ALJ's decision was entered on May 27, 2010); Tr. 290 (indicating that Dr. Fife's report was completed on May 11, 2010).

REMANDED to the Commissioner of the Social Security Administration for further

proceedings consistent with this order.

The Clerk of Court is directed to close this file.

DONE this 3rd day of August, 2011.

_____
United States District Judge